# EXHIBIT B

Case 4:17-cv-03098   Document 1-2   Filed in TXSD on 10/16/17   Page 2 of 10

Received and E-Filed for Record
9/8/2017 5:55 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO.: 17-09-10874 _____

| | | |
|---|---|---|
| **ANITA L. SEVERANCE,** | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | \_\_\_\_JUDICIAL DISTRICT |
| | § | |
| **GERBER LIFE INSURANCE** | § | |
| **COMPANY,** | § | MONTGOMERY COUNTY, TEXAS |
| *Defendant*. | | |

Montgomery County - 284th Judicial District Court

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Anita L. Severance, Plaintiff in the above-styled cause, and files this, her Original Petition, and in support thereof would show the Court as follows:

### DISCOVERY PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff Anita L. Severance is an individual resident of Texas.

3. Defendant Gerber Life Insurance Company is a foreign corporation, which may be served through its registered agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this case because the amount in controversy is within the jurisdictional limits of this Court.

5. This Court has jurisdiction over Defendant because it is a foreign corporation that transacts business in the State of Texas and is registered with the Texas Department of Insurance, and the acts complained of herein arise from Defendant's business in Texas.

6. Venue is proper in Montgomery County because all or a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County.

## BACKGROUND

7. On or around June 15, 2007, Plaintiff purchased a life insurance policy from Defendant, with a face value of $100,000 and insuring the life of Gary Keith Carter (the "Policy").

8. The Policy is an "accident policy," that purports to cover death that is caused by accidental bodily injury.

9. On or around October 4, 2016, Gary Keith Carter fell and twisted and damaged his leg in the fall. His leg immediately began to swell and become discolored, which prompted him to seek treatment at the Kingwood Medical Center Emergency Department.

10. One complication of leg injuries such as Gary's is that blood clots develop and travel through the body.

11. Shortly after the Gary's injury, and as the result of said injury, a pulmonary embolus (a blood clot in his lung) caused Gary's death.

12. Plaintiff, as the named beneficiary on the Policy, subsequently submitted a claim to Defendant. Although the claim was submitted in proper form and within the time specified in the insurance policy, Defendant denied the claim. There was no justifiable basis for the denial.

## CAUSES OF ACTION

13. Plaintiff asserts the following causes of action against Defendant, conjunctively and/or in the alternative.

### A. *Violations of the Deceptive Trade Practices Act*

14. Plaintiff incorporates the preceding paragraphs herein in their entirety.

15. Plaintiff's Status as Consumer:

    On or around June 15, 2007, Plaintiff purchased the Policy from Defendant.

16. Defendant's Misconduct:

    In connection with the transaction described above, Defendant, both overtly and impliedly: (1) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; (2) representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; (3) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, and (4) committing violations of Tex. Ins. Code §§ 541.001 et. seq. as stated herein.

17. Violations of the Texas Insurance Code:

    Violations of Chapter 541 of the Texas Insurance Code are actionable under the DTPA. Defendant violated Chapter 541 of the Texas Insurance Code by: (1) refusing to pay a claim without conducting a reasonable investigation with respect to the claim, (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear, and (3) misrepresenting to a claimant a material fact or policy provision relating to coverage at

issue, and (4) misrepresenting an insurance policy by: (i) making an untrue statement of fact; (ii) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (iii) making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact; and (iv) making a material misstatement of law.

18. Defendant's Knowledge

The conduct of the Defendant as described above was committed knowingly. Defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Plaintiff complains. Defendant was also aware of the act, practice, condition, defect, or failure constituting the breach of warranty described above. Accordingly, Defendant is liable to Plaintiff for additional damages of up to three times the amount of economic damages as permitted by the Deceptive Trade Practices—Consumer Protection Act.

19. Defendant's Intentional Conduct:

The conduct of the Defendant, as described above, was committed intentionally. That is, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice, and the condition, defect, or failure constituting a breach of warranty giving rise to the Plaintiff's claims, coupled with the specific intent that the Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Accordingly, Plaintiff is entitled to damages for mental-anguish suffered by Plaintiff and additional damages of up to three times Plaintiff's economic damages and damages for mental-anguish as provided by the Deceptive Trade Practices—Consumer Protection Act.

20. Defendant's conduct as described above was a producing cause of Plaintiff's economic damages.

B. *Breach of Contract*

21. Plaintiff incorporates the preceding paragraphs herein in their entirety.

22. A valid and enforceable contract exists between the parties, namely the Policy. Plaintiff, as a party to the contract, is a proper party to sue for breach of the Policy. Plaintiff performed its contractual obligations by timely making all payments owed to Defendant. Defendant breached the contract by failing to pay benefits under the Policy after the accidental death of the Insured.

C. *Breach of the Duty of Good Faith and Fair Dealing*

23. As an insured of Defendant, Defendant owed to Plaintiff a duty of good faith and fair dealing. Defendant breached this duty of good faith and fair dealing by certain acts, as pled more specifically herein, and by failing to pay Plaintiff's claim when Defendant's liability became reasonably clear.

D. *Unfair Insurance Practices*

24. Defendant's actions, as described herein, violate TEX. INS. CODE §§ 541.001 et. seq., including, but not limited to, the following:

   a. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d. Misrepresenting an insurance policy by:

        i. Making an untrue statement of fact;

        ii. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

        iii. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact; and

        iv. Making a material misstatement of law; and

    e. Committing violations of the Texas Deceptive Trade Practices – Consumer Protection Act as stated herein.

25. The above acts by Defendant were a producing cause of Plaintiff's damages.

### E. *Failure to Promptly Pay Claim*

26. Plaintiff is also entitled to recover statutory penalties of 18 percent per year of the amount payable under the policy, because Defendant has not paid Plaintiff's claim, even though more than 60 days has elapsed since Defendant received all required and requested items, statements, and forms from Plaintiff.

### CONDITIONS PRECEDENT

27. All conditions precedent necessary to maintain this action have been performed or have occurred.

## DAMAGES

28. Plaintiff seeks its actual damages, including but not limited to the following:

    a. $100,000 in benefits she is owed under the Policy.

29. Plaintiff seeks the corresponding mental-anguish damages as a result of Defendant's knowing and intentional conduct.

30. Pursuant to the pleading requirements of Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff announces that it seeks monetary relief over $200,000 but not more than $1,000,000.

31. Defendant's misrepresentations, when viewed objectively from their standpoint at the time of the conduct, involved intentional harm to Plaintiff, and Defendant were actually, subjectively aware of its intent to deceive and distort the trust of Plaintiff.  Defendant's acts and omissions, which constituted fraud and malice, were a proximate cause of Plaintiff's damages.  Therefore, Plaintiff sues for additional damages in the amount determined by the trier of fact.

32. The conduct of Defendant as described in this Petition was committed knowingly. Defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Plaintiff complains.  Accordingly, Defendant is liable to Plaintiff for three times actual damages as permitted by the Texas Insurance Code.

## ATTORNEY'S FEES

33. Plaintiff seeks its reasonable and necessary attorney's fees, pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, TEX. INS. CODE § 542.060, TEX. INS. CODE § 541.152, and TEX.

BUS. & COM. CODE § 17.50(d).

## JURY DEMAND

34. Plaintiff hereby requests a jury trial and tenders the appropriate fee.

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and after final hearing, that the Court enter judgment in favor of Plaintiff for:

a. Plaintiff's actual and/or economic damages;

b. Mental anguish damages;

c. Treble damages;

d. Interest on the unpaid claim in an amount not less than 18 percent per annum;

e. Expert witness fees;

f. Plaintiff's reasonable and necessary attorney's fees for:

  1. Pre-trial work;

  2. Prosecution of this claim through trial;

  3. Post-trial work;

  4. Conditional attorney's fees in the event of an appeal to the Courts of Appeal;

  5. Conditional attorney's fees in the event of the filing of a petition for discretionary review with the Texas Supreme Court; and

  6. Conditional attorney's fees in the even such petition for discretionary review is granted;

g. Pre-judgment and post-judgment interest at the maximum legal rate; and

h. Any other further relief to which it may be justly entitled.

Respectfully submitted,

ROGER G. JAIN & ASSOCIATES, P.C.

_____
Roger G. Jain
TBN: 00787759
Thomas H. Smith III
TBN: 24051355
9301 Southwest Freeway, Suite 250
Houston, Texas 77074
Tel.: (713) 981-0600
Fax: (888) 200-6848
info@rogergjain.com

ATTORNEYS FOR PLAINTIFF